```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION

VIRGINIA RUSHTON,

                Plaintiff,

vs.                                 Case No. 2:10-cv-357-FtM-29SPC

EYE CONSULTANTS OF BONITA SPRINGS,

                Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on Defendant Eye Consultants of Bonita Springs' Motion to Dismiss First Amended Complaint and Memorandum of Law (Doc. #15) filed on November 24, 2010. Plaintiff filed an Opposition (Doc. #16) on December 10, 2010.

**I.**

A complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co.

v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)); see also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. The Court need not accept as true legal conclusions or mere conclusory statements. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

**II.**

In an Order issued on October 25, 2010, the Court dismissed, without prejudice, plaintiff's Complaint and gave leave to file an Amended Complaint. (Doc. #12.) Plaintiff's Amended Complaint continues to be deficient. Plaintiff is attempting to bring claims pursuant to the Florida Whistle Blower's Act (Count One), Age Discrimination and Retaliation under Lee County Ordinance 00-18 (Counts Two and Three), the Fair Labor Standards Act (Count Four) and the Florida Deceptive and Unfair Trade Practices Act (Count V).

The Court will first address Count Four of plaintiff's Complaint because it is the only claim which provides a basis for federal subject matter jurisdiction. Plaintiff seeks damages, attorney's fees and costs related to defendant's alleged nonpayment

of overtime compensation in violation of the Fair Labor Standards Act (FLSA).

### III.

To establish jurisdiction under the FLSA, the plaintiff employee must establish some connection to interstate commerce. To do this, plaintiff must demonstrate that either the "enterprise" or the "individual" engaged in interstate commerce. 29 U.S.C. §§ 206(a), 207(a)(1); see also Martinez v. Palace, 414 F. App'x 243, 245 (11th Cir. 2011); Thorne v. All Restoration Serv., Inc., 448 F.3d 1264, 1265-66 (11th Cir. 2006).

#### A. Enterprise Coverage

Under the FLSA, an enterprise is engaged in commerce if it: (1) "has employees engaged in commerce or in the production of goods for commerce, or [] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) has gross sales or business of at least $500,000, exclusive of excise taxes at the retail level that are separately stated. 29 U.S.C. § 203(s)(1)(A).

#### B. Individual Coverage

To establish individual coverage under the FLSA, an employee must prove that she was (1) engaged in commerce or (2) engaged in the production of goods for commerce. 29 U.S.C. § 207(a)(1). For an employee to be "engaged in commerce", the employee "must be directly participating in the actual movement of persons or things

in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in [her] work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." Thorne, 448 F.3d at 1266.

### C. Application To Present Case

Here, plaintiff alleges that defendant is an employer as defined by the FLSA and that defendant is an "enterprise engaged in commerce and engaged in the production of goods for commerce." (Doc. #13, p. 2.) Plaintiff further alleges, based upon information and belief, that the annual gross revenue of Defendant is in excess of $500,000.00 per annum. (Id.) Plaintiff, however, has failed to allege any facts to support these conclusory statements. A mere recitation of the elements is insufficient to state a claim.

Plaintiff has also failed to establish that she qualifies for individual coverage under the FLSA. Plaintiff alleges that her duties involved patient/customer interaction; discussion, coordination and implementation of the customer's education in the products and services sold by the defendant; to serve as liaison between the defendant and its customers; to assume a proactive role toward building the defendant's surgical volume; to complete written treatment plans for each patient scheduled to receive Lasik

treatment; and to complete a detailed medical history for all patients undergoing cataract surgery.  (Doc. #13, pp. 2-4.)  These duties do not involve "actual movement of persons or things in interstate commerce" or "regular and recurrent use of interstate telephone, telegraph, mails, or travel."  Thorne, 448 F.3d at 1266.  Rather, plaintiff's activities appear to be entirely instate.

Because plaintiff has failed to sufficiently plead either enterprise or individual coverage under the FLSA, Count Four will be dismissed without prejudice.  The Court declines to maintain supplemental jurisdiction over plaintiff's remaining state law claims.  28 U.S.C. § 1367(c)(3).

Accordingly, it is so

**ORDERED**:

1.  Defendant Eye Consultants of Bonita Springs' Motion to Dismiss First Amended Complaint and Memorandum of Law (Doc. #15) is **GRANTED**.  Plaintiff's First Amended Complaint is dismissed without prejudice.

2.  The Clerk of the Court shall enter judgment accordingly, terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of June, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Parties of record